| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Conscious Content Media, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DBA  Begin**<br>**DBA  Begin Learning** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **30-0425587** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**121 Varick Street**<br>**3rd Floor**<br>**New York, NY 10013**<br>Number, Street, City, State & ZIP Code<br><br>**New York**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Conscious Content Media, Inc.**    Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5132__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor  **Conscious Content Media, Inc.** _____   Case number (*if known*) _____
       Name

List all cases. If more than 1, attach a separate list     Debtor **See Attachment**     Relationship _____
       District _____  When _____  Case number, if known _____

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>   Number, Street, City, State & ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>          Contact name _____<br>          Phone _____ |

■ **Statistical and administrative information**

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>☐ Funds will be available for distribution to unsecured creditors.<br>■ After any administrative expenses are paid, no funds will be available to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ☐ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000<br>☐ 50-99     ☐ 5001-10,000     ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000     ☐ More than100,000<br>■ 200-999 |
| **15.** | **Estimated Assets** | ☐ $0 - $50,000     ☐ $1,000,001 - $10 million     ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000     ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million     ■ $100,000,001 - $500 million     ☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0 - $50,000     ☐ $1,000,001 - $10 million     ☐ $500,000,001 - $1 billion<br>☐ $50,001 - $100,000     ☐ $10,000,001 - $50 million     ☐ $1,000,000,001 - $10 billion<br>☐ $100,001 - $500,000     ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion<br>☐ $500,001 - $1 million     ■ $100,000,001 - $500 million     ☐ More than $50 billion |

Debtor  **Conscious Content Media, Inc.**                                      Case number (*if known*)
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 17, 2025**
              MM / DD / YYYY

X **/s/ Neal Shenoy**                                      **Neal Shenoy**
  Signature of authorized representative of debtor          Printed name

Title  **Chief Executive Officer**

**18. Signature of attorney**

X **/s/ Daniel Brogan**                                    Date **December 17, 2025**
  Signature of attorney for debtor                              MM / DD / YYYY

**Daniel Brogan**
Printed name

**Bayard P.A.**
Firm name

**600 N. King St**
**Suite 400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 655-5000**       Email address  **dbrogan@bayardlaw.com**

**5273 DE**
Bar number and State

Debtor  **Conscious Content Media, Inc.**  Case number (*if known*) _____
        Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____  Chapter  **11**

☐ Check if this is an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **CCM Merger Sub II, Inc.** | | Relationship to you | |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **CodeSpark, Inc.** | | Relationship to you | |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **KidPass, Inc.** | | Relationship to you | |
| District | **Delaware** | When _____ | Case number, if known | |
| Debtor | **Little Passports, Inc.** | | Relationship to you | |
| District | **Delaware** | When _____ | Case number, if known | |

**Fill in this information to identify the case:**

Debtor name  **Conscious Content Media, Inc.**

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration  **Corporate Ownership Statement; List of Top 30 Creditors**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **December 17, 2025**    X  **/s/ Neal Shenoy**
Signature of individual signing on behalf of debtor

**Neal Shenoy**
Printed name

**Chief Executive Officer**
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CONSCIOUS CONTENT MEDIA, INC. | Case No. 25-_____ ( ) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rules of Bankruptcy Procedure 7007(a)(1) and 7007.1, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-captioned debtor.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| None. | n/a |

**Fill in this information to identify the case:**

Debtor name   Conscious Content Media Inc., et al.

United States Bankruptcy Court for the: _____  District of  Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Stella K. Ma** | P:<br>F:<br>stellakma@gmail.com | Little Passports Postclosing Note | | | | $6,888,839.73 |
| 2 | **Amy Norman** | P:<br>F:<br>amynorman415@gmail.com | Little Passports Postclosing Note | | | | $6,587,385.40 |
| 3 | **Tilting Point Fund 2, LLC**<br>360 NW 27th Street<br>Miami, FL 33127 | P:<br>F: | N/A | | | | $3,783,750.78 |
| 4 | **Solomon Liou, Jr.** | P:<br>F:<br>solomon@kidpass.com | KidPass Postclosing Note | | | | $3,364,882.48 |
| 5 | **Golden Seeds Fund 2 LP**<br>P.O. Box 541473<br>Flushing, NY 11354 | P:<br>F:<br>jacorkran@me.com | Little Passports Postclosing Note | | | | $2,257,275.91 |
| 6 | **Idealab Holdings LLC**<br>130 West Union Street<br>Pasadena, CA 91103 | P:<br>F:<br>marcia@idealab.com | Codespark Postclosing Note | | | | $2,142,991.66 |
| 7 | **Golden Seeds Little Passports LLC**<br>P.O. Box 541473<br>Flushing, NY 11354 | P:<br>F:<br>jacorkran@me.com | Little Passports Postclosing Note | | | | $1,906,456.90 |

Debtor: Conscious Content Media Inc., et al.                                                                                         Case number (if known): _____

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 8 | **Ogden CAP Associates, LLC – Series 82**<br>545 Madison Ave, 6th Floor<br>New York, NY 10022 | P:<br>F:<br>jmilstein@ogdencap.com | KidPass Postclosing Note | | | | $1,603,125.47 |
| 9 | **Chhay Chhun** | P:<br>F:<br>chhay@kidpass.com | KidPass Postclosing Note | | | | $1,581,427.17 |
| 10 | **Corbett Capital, LLC**<br>307 W 7th St Ste 1710<br>Fort Worth, TX 76102 | P:<br>F:<br>thead@corbettcapital.com | Little Passports Postclosing Note | | | | $1,316,926.33 |
| 11 | **Grant Hosford** | P:<br>F:<br>ghosford@gmail.com | Codespark Postclosing Note | | | | $1,276,548.20 |
| 12 | **David B. Martin Jr.** | P:<br>F:<br>d_j_martin@yahoo.com | Little Passports Postclosing Note | | | | $1,209,237.93 |
| 13 | **AMF Exempt Trust dated March 7, 2013** | P:<br>F:<br>aldo@aldomanzini.com | Little Passports Postclosing Note | | | | $1,099,310.69 |
| 14 | **Joseph Shochet** | P:<br>F:<br>shochet@gmail.com | Codespark Postclosing Note | | | | $981,287.56 |
| 15 | **Meta Platforms, Inc. - Accounts Receivable**<br>15161 Collections Center Drive<br>Chicago, IL 60693 | P:<br>F:<br>ar@fb.com | N/A | | | | $947,992.76 |
| 16 | **Allen Morgan** | P:<br>F:<br>amorgan@idealab.com | Little Passports Postclosing Note | | | | $891,924.20 |
| 17 | **Jeff Weiner** | P:<br>F:<br>jwteam@iconiqcapital.com | Little Passports Postclosing Note | | | | $874,192.24 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims        page 2

Debtor: Conscious Content Media Inc., et al.                                      Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | **LB 121 Varick Associates LLC**<br>46 Trinity Place<br>2nd FL<br>New York, NY 10006 | P:<br>F:<br>pmilstein@ogdencap.com | KidPass Postclosing Note | | | | $864,467.83 |
| 19 | **Curtis Thornhill Living Trust dated Nov 14, 2005** | P:<br>F:<br>melanie@ascotnyc.com | N/A | | | | $863,691.50 |
| 20 | **Jaffray P. Woodriff** | P:<br>F:<br>curtis@thornhillholdings.com | Little Passports Postclosing Note | | | | $847,051.76 |
| 21 | **PLM Delaware Asset Management Trust** | P:<br>F:<br>Francis.Johnson@feltongroup.org | Codespark Postclosing Note | | | | $820,248.74 |
| 22 | **Joshua Milstein** | P:<br>F:<br>josh@mommynearest.com | KidPass Postclosing Note | | | | $700,543.78 |
| 23 | **Michael C. Dearing Living Trust - (formerly Reardon Metal LLC)** | P:<br>F:<br>aaron.kaufman1@gmail.com | KidPass Postclosing Note | | | | $620,494.10 |
| 24 | **Golden Seeds Fund LP**<br>P.O. Box 541473<br>Flushing, NY 11354 | P:<br>F:<br>michael.dearing@gmail.com | Little Passports Postclosing Note | | | | $611,388.22 |
| 25 | **Sheri Anderson** | P:<br>F:<br>jacorkran@me.com | Little Passports Postclosing Note | | | | $602,836.05 |
| 26 | **Leonard and Jennifer Dulski Revocable Trust** | P:<br>F:<br>sheri_and@yahoo.com | Little Passports Postclosing Note | | | | $583,460.00 |
| 27 | **Aaron Kaufman** | P:<br>F:<br>dulskijen@gmail.com | Little Passports Postclosing Note | | | | $577,870.07 |
| 28 | **PGA Venture Fund LP** | P:<br>F:<br>financings@ycombinator.com | KidPass Postclosing Note | | | | $549,880.68 |

Debtor: Conscious Content Media Inc., et al.                                  Case number (if known): _____

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 29 | **Golden Seeds Advisors Fund 2 LP** P.O. Box 541473 Flushing, NY 11354 | P: F: pli@lunpartners.com | Codespark Postclosing Note | | | | $540,767.10 |
| 30 | **Amazon Web Services** 420 Montgomery Street San Francisco, CA 94104 | P: F: finops@coventure.vc | KidPass Postclosing Note | | | | $529,172.44 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims        page 4

RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
CONSCIOUS CONTENT MEDIA, INC.

At a meeting of the Board of Directors of Conscious Content Media, Inc., a Delaware corporation (the "**Corporation**"), held via conference telephone on December 16, 2025 pursuant to notice duly given at which Neal Shenoy, Siddharth Mathur, Stephen Youngwood and Kemper Shaw, constituting all of the directors of the Corporation were present, the directors (with Kemper Shaw abstaining) approved the following resolutions:

WHEREAS, the Board of Directors of the Corporation (the "Board") has considered (i) the difficulties the Corporation has experienced recently with regard to its business, (ii) the financial and operational aspects of the Corporation's business, (iii) the future prospects and financial performance and condition of the Corporation, (iv) current industry, economic and market conditions and trends in the markets in which the Corporation competes and (v) the current status of the Corporation in light of the foregoing;

WHEREAS, the Board has received, reviewed and considered the recommendation of senior management of the Corporation and the advice of the Corporation's advisors with respect to the options available to the Corporation, including without limitation, the possibility of pursuing a bankruptcy proceeding under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, pursuant to Section 144 of the Delaware General Corporation Law, an act or transaction involving or between a corporation, or 1 or more of the corporation's subsidiaries, on the 1 hand, and 1 or more of the corporation's directors or officers, on the other hand, or involving or between a corporation or 1 or more of the corporation's subsidiaries, on the 1 hand, and any other corporation, partnership (general or limited), limited liability company, statutory trust, association, or any other entity or organization in which 1 or more of its directors or officers are directors, stockholders, partners, managers, members, or officers, or have a financial interest, on the other hand, may not be the subject of equitable relief, or give rise to an award of damages, against a director or officer of the corporation because of the foregoing circumstances or the receipt of any benefit by any such director, officer, entity, or organization or because the director or officer is present at or participates in the meeting of the board or committee which authorizes the act or transaction or was involved in the initiation, negotiation, or approval of the act or transaction (including by virtue of a director's vote being counted for such purpose), if (i) the material facts as to the director's or officer's relationship or interest and as to the act or transaction, including any involvement in the initiation, negotiation, or approval of the act or transaction, are disclosed or are known to all members of the Board, and the Board in good faith and without gross negligence authorizes the act or transaction by the affirmative votes of a majority of the disinterested directors then serving on the Board, even though the disinterested directors be less than a quorum, (ii) the act or transaction is approved or ratified by an informed, uncoerced, affirmative vote of a majority of the votes cast by the disinterested stockholders or (iii) the act or transaction is fair as to the Corporation and the Corporation's stockholders;

436721                                    1

WHEREAS, it is known to the directors that Neal Shenoy, a member of the Board, individually is a DIP lender in connection with the DIP financing (the "DIP Financing") in the Bankruptcy Case (as defined below) and is a founding partner of [212]Media, LLC, which entity is acting as the DIP agent and is a DIP lender in connection with the DIP Financing, and that Kemper Shaw, a member of the Board, is affiliated with Marbruck Investments Limited, which entity is a secured lender to the Corporation and is an interested party in the Bankruptcy Case;

WHEREAS, the directors are aware of the material facts as to the interests of Mr. Shenoy in connection with the DIP Financing and the Bankruptcy Case and Mr. Shaw in connection with the Bankruptcy Case, have had an adequate opportunity to ask questions regarding the interests of Mr. Shenoy in the DIP Financing and the Bankruptcy Case and Mr. Shaw in the Bankruptcy Case and have had a full and fair opportunity to review the terms of the DIP Financing and the Bankruptcy Case with the representatives of the Corporation.

**RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Corporation and the advice of the Corporation's professionals and advisors, the Board has determined in its business judgment that it is desirable and in the best interests of the Corporation and its creditors, employees, stockholders and other interested parties that a petition be filed in the United States Bankruptcy Court for the District of Delaware by the Corporation seeking relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

**RESOLVED**, that the Proper Officers be, and hereby are, authorized, empowered and directed, on behalf of the Corporation and its name (a) to execute, verify and file all documents necessary or appropriate in connection with the filing of the Bankruptcy Case), including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings and other papers or documents in connection with the Bankruptcy Case; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Bankruptcy Case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Corporation; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions as adopted herein.

**RESOLVED**, that the Proper Officers are hereby authorized to make decisions with respect to all aspects of the management and operation of the Corporation's business, including, without limitation, organization, human resources, marketing, asset sales, logistics, finance, administration and oversight of the prosecution of the Bankruptcy Case, including, but not limited to, bankruptcy-related reporting requirements, filing of Statements of Financial Affairs, Schedules of Assets and Liabilities, obtaining debtor-in-possession (DIP) financing, filing a chapter 11 plan and related disclosure statement, claims management, managing outside professionals and such other aspects as they may identify, in such manner as they deem necessary or appropriate in their reasonable discretion, consistent with the business judgment rule, subject to appropriate approval and governance by the Board, as applicable, in accordance with the Corporation's charter and bylaws, applicable laws and the orders of the bankruptcy court.

**RESOLVED**, that the Proper Officers are hereby authorized to make decisions with respect to the Bankruptcy Case, including, but not limited to, pursuing a sale or restructuring of the Corporation's business or assets.

**RESOLVED**, that the retention by the Corporation's management of the law firms of Reitler Kailas & Rosenblatt LLP ("Reitler") and Bayard, P.A. ("Bayard") as bankruptcy counsel, subject to any requisite bankruptcy court approval, to the Corporation to represent and assist the Corporation in connection with its consideration of various insolvency-related obligations and bankruptcy alternatives, and to assist the Corporation in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights in connection therewith, is hereby approved and ratified, and the Proper Officers are hereby authorized and directed to execute and ratify appropriate retention agreements and to cause to be filed an appropriate application for authority to retain the services of Reitler and Bayard.

**RESOLVED**, that the Proper Officers be, and hereby are, authorized and directed to employ Eisner Amper as Financial Advisor, subject to any requisite bankruptcy court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of Eisner Amper.

**RESOLVED**, that the Proper Officers be, and hereby are, authorized and directed to employ Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") as claims and noticing agent, subject to any requisite bankruptcy court approval, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and cause to be filed an appropriate application for authority to retain the services of Stretto.

**RESOLVED**, that the Proper Officers are hereby authorized and empowered to employ on behalf of the Corporation any other professionals necessary to assist the Corporation in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Proper Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Bankruptcy Case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professional, as necessary, and on such terms as are deemed necessary, desirable, and proper by the Proper Officers.

**RESOLVED**, that the DIP Financing, the Bankruptcy Case and the transactions respectively contemplated thereby are hereby approved in good faith and without gross negligence by the directors, and the directors believe in good faith that the DIP Financing, the Bankruptcy Case and the transactions respectively contemplated thereby are each fair as to the

Corporation and its stockholders as of the time of such approval by the directors, notwithstanding Mr. Shenoy's interest and participation in the DIP Financing and the Bankruptcy Case and Mr. Shaw's interest in the Bankruptcy Case

**RESOLVED**, that the Proper Officers be, and hereby are, authorized and empowered to do or cause to be done, in the name and on behalf of the Corporation, any and all such acts and things and to make, execute, acknowledge or verify, deliver and record or file, any and all certificates, notices, statements, consents, instruments, agreements, deeds, documents or papers, and to transfer, disburse and/or pay such funds of the Corporation, as such Proper Officers may deem necessary or advisable in order to give effect to the resolutions and consummate the transactions approved above, the necessity and advisability of each such certificate, notice, statement, consent or other instrument, agreement, deed, document or paper, payment of money, or other act or thing, to be conclusively evidenced by the execution and delivery thereof by such Proper Officers or by their taking such action;

**RESOLVED**, that any actions of the agents, officers or directors of the Corporation taken prior to the effective date hereof in connection with the transactions or matters contemplated by the foregoing resolutions be, and they hereby are, authorized, approved, ratified and confirmed in all respects as duly authorized acts of, and on behalf of, the Corporation;

**RESOLVED**, that the Secretary of the Corporation be, and she hereby is, authorized and empowered, in the name and on behalf of the Corporation, to certify and furnish such copies as may be necessary of this and the foregoing resolutions and any other resolutions of the Corporation, and statements as to incumbency of the corporate officers of the Corporation, under the corporate seal, if requested, and any person or entity receiving such a certified copy or statement is and shall be authorized to rely upon the contents thereof;

**RESOLVED**, that the resolutions herein are adopted, as of the date of this Board meeting, and all notices with regard to such Board meeting and matters approved herein are hereby waived by each of the directors.